IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

BRANNEN MARCURE,                    )
                                    )
        Plaintiff,                  )
                                    )
v.                                  )        Case No. 18-cv-03137
                                    )
TYLER LYNN, et al.,                 )
                                    )
        Defendants.                 )

## OPINION

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendants' Tyler Lynn, Evan Delude, Jeff Paoletti, Jacob Svoboda (together, the "Officer Defendants") Motion to Dismiss Plaintiff Brannen Marcure's ("Plaintiff") Second Amended Complaint ("SAC").

## I.    PROCEDURAL BACKGROUND

On June 7, 2018, Plaintiff filed a pro se civil rights Complaint. On August 14, 2018, Plaintiff filed an Amended Complaint without leave to amend. Plaintiff's First Amended Complaint asserted claims against three groups of defendants: the Officer Defendants, the Defense Attorney Defendants, and the State's Attorney Defendants.

The Officer Defendants, the Defense Attorney Defendants, and the State's Attorney Defendants each filed their respective motions to dismiss. On October 22, 2018, Plaintiff filed an unsigned response to the Officer Defendants' motion to dismiss over a month late. On October 26, 2018, Judge Myerscough entered a text order excusing the late filing but warning Plaintiff that his response would be stricken pursuant to Fed. R. Civ.

P. 11(a) if he did not correct the signature deficiency within six days. Plaintiff later filed his responses to the Defense Attorney Defendants' and the State's Attorney Defendants' motions to dismiss. However, Plaintiff did not correct his unsigned response to the Officer Defendants' motion to dismiss, and on November 8, 2018, Judge Myerscough struck Plaintiff's response.

In an Opinion and Order entered on September 30, 2019, Judge Myerscough granted the Defense Attorney Defendants' and the State's Attorney Defendants' motions to dismiss with prejudice. Judge Myerscough further granted the Officer Defendants' motion and dismissed Plaintiff's claims with prejudice, citing Central District of Illinois Local Rule 7.1(B)(2), which permits the Court to consider a motion unopposed and rule on it without further notice to the parties if a response is not filed within 14 days. (Doc. 80). On May 20, 2021, the Seventh Circuit Court of Appeals reversed the decision on the Officer Defendants' motion to dismiss and remanded the case for a determination to be made on the merits of the motion. In an Opinion and Order entered on August 18, 2021, Judge Myerscough granted the Officer Defendants' Motion on the merits and dismissed Plaintiff's claims without prejudice.

On September 13, 2021, Plaintiff filed his SAC against the Officer Defendants. On May 24, 2022, Judge Myerscough administratively stayed this case pending the conclusion of Plaintiff's pending state criminal case. On March 17, 2023, Chief Judge Darrow reassigned this case to the undersigned. On January 19, 2024, the stay was lifted. On February 2, 2024, the Officer Defendants filed their Motion to Dismiss, to which Plaintiff has filed his Response.

## II.     FACTUAL BACKGROUND

The events which form the basis of Plaintiff's SAC all occurred on July 23, 2016. (Officer Lynn Report, Ex. E[1]). On that date, Springfield Police Department ("SPD") received multiple calls that Plaintiff was battering his girlfriend in the front yard of their residence, located at 1307 Ledlie Ave., Springfield, Illinois. (Officer Westlake Report, Ex. D). The calls also indicated Plaintiff was brandishing and firing a handgun in front of the residence. As such, SPD dispatched the Officer Defendants to the scene.

Once the Officer Defendants arrived, Plaintiff walked out of the front door of the residence carrying his girlfriend. He then got down on his knees with his girlfriend standing in front of him, shielding him from the Officer Defendants. Both Plaintiff and his girlfriend were given verbal orders to show their hands, but did not do so. The Officer Defendants then secured both Plaintiff and his girlfriend in handcuffs. Plaintiff's girlfriend stated he never battered her and he did not have a gun. Rather, she stated Plaintiff lit a firework to scare the neighbors into thinking he had a gun. Officer Lynn interviewed two neighbors who both stated they had seen Plaintiff raise a handgun and shoot it into the air. After an RP .380 auto casing shell was found on the scene, Plaintiff's girlfriend admitted there had been no fireworks involved and that Plaintiff had shot a

---

[1] Unless otherwise noted, the factual background is drawn from Officer Lynn's police report Plaintiff attaches to his SAC. (Doc. 94, Ex. E at 24-25). *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 764 (7th Cir. 2010) (it is proper to "consider documents attached to the complaint as part of the complaint itself.") *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes.")

handgun into the air. She stated Plaintiff hid the handgun in the basement of their residence before they came outside.

At this point, Officer Lynn read Plaintiff his *Miranda* rights. Plaintiff stated he understood his rights but agreed to waive his rights and speak to Officer Lynn. Plaintiff initially stated he did not possess a gun nor did he fire one into the air. However, after learning that his girlfriend had already told the Officer Defendants about the location of Plaintiff's handgun in the basement, Plaintiff admitted to possessing the firearm and shooting it into the air. Plaintiff then stated he would show the Officer Defendants where the firearm was. After signing a Consent to Search form, Plaintiff took the Officer Defendants into the basement where the firearm was retrieved. It was determined through dispatch that Plaintiff did not possess a FOID card and he was not a convicted felon.

Based on lack of evidence, Officer Lynn told Plaintiff he was not being charged with domestic battery. However, Officer Lynn informed Plaintiff he was being arrested for reckless discharge of a firearm, aggravated unlawful use of a weapon, and "no FOID card." Officer Lynn and Officer Paoletti then transported Plaintiff to the Sangamon County Jail.

Plaintiff contends the events leading up to his arrest and the prosecution of his Sangamon County criminal case amount to a variety of violations of Illinois and federal laws. Specifically, Count I alleges a claim of unlawful arrest without probable cause; Counts II and III allege unlawful and unreasonable search; Count IV alleges malicious

prosecution; Count V alleges "unreasonable search and seizure" in that Officer Lynn committed "assault;" and Count VI alleges an equal protection violation..

## III.  LEGAL STANDARD

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing he is entitled to relief and giving the defendants fair notice of the claims. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). The court "construe[s] the complaint in the light most favorable to the plaintiff, accepting as true all well-pleaded facts alleged, and drawing all possible inferences in [his] favor." *Id.* A plausible claim is one that alleges factual content from which the court can reasonably infer that the defendants are liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Merely reciting the elements of a cause of action or supporting claims with conclusory statements is insufficient to state a cause of action. *Id.* Additionally, complaints filed pro se are construed liberally and held to a less stringent standard than those formal pleadings drafted by lawyers. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

## IV.  ANALYSIS

In their Motion to Dismiss, the Officer Defendants argue the SAC: (1) is insufficient under federal pleading standards as it merely states legal conclusions; (2) fails to provide facts in support of the elements of the pleaded causes of action; and (3) fails to make clear what actions each defendant individually took or how their actions constituted a

violation of law. Plaintiff's Response generally ignores the bulk of the Officer Defendants' arguments and, instead, repeats the tagline of each Count.

### 1. Unlawful Arrest and Malicious Prosecution

In Count I, Plaintiff alleges he was unlawfully arrested based on the events of July 23, 2016, in violation of his constitutional rights. Liberally construing the SAC, the Plaintiff's only basis for the claim that he was unlawfully arrested is that there was no probable cause. However, for this claim, Plaintiff's pleading, including the attached exhibits, preclude any recovery. *See McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006) (recognizing that "if a plaintiff pleads facts which show he has not claim, then he has pled himself out of court"); *Thomas v. Farley*, 31 F.3d 557, 558-59 (7th Cir. 1994) (noting that if a plaintiff "pleads particulars, and they show that he has not claim, then he is out of luck- -he has pleaded himself out of court").

Plaintiff alleges he was falsely arrested in violation of his Fourth Amendment rights because the Officer Defendants did not have probable cause to support his arrest. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. "Probable cause to arrest is an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution." *Burritt v. Ditlefsen*, 807 F.3d 239, 249 (7th Cir. 2015). A police officer has probable cause to arrest a person if, at the time of the arrest, the "facts and circumstances within the officer's knowledge ... are sufficient to warrant a prudent person, or one of reasonable caution, in believing, in the circumstances shown, that the suspect has

committed, is committing, or is about to commit an offense." *Gonzalez v. City of Elgin*, 578 F.3d 526, 537 (7th Cir. 2009) (quoting *Michigan v. DeFillippo*, 443 U.S. 31, 37, 99 S. Ct. 2627, 61 L. Ed. 2d 343 (1979)). Additionally, the Seventh Circuit has consistently held that a report from even a single, credible eyewitness can provide the basis for probable cause. *Id.*

Because of the fact-laden nature of the inquiry, a probable cause determination in a § 1983 case is often inappropriate at the motion to dismiss stage. *See, e.g., Guzell v. Hiller*, 223 F.3d 518, 522 (7th Cir. 2000) (reversing as "premature" district court's dismissal of § 1983 false arrest case on probable cause grounds); *Neita v. City of Chi.*, No. 19 C 595, 2019 WL 5682838, at *3 (N.D. Ill. Nov. 1, 2019) (collecting cases). Nevertheless, district courts in this Circuit have found it possible for a plaintiff to "plead himself out of court" in a false arrest case by failing to establish an absence of probable cause in the pleadings. *See Calderon v. Vill. of Bridgeview*, No. 18 C 8277, 2020 WL 1139252, at *2-3 (N.D. Ill. Mar. 9, 2020) (granting a motion to dismiss a § 1983 false arrest claim against an arresting officer where the plaintiff had pled himself out of court by alleging that the officer had relied on two eyewitness accounts and did not "plausibly allege that [the officer] should have doubted those firsthand accounts"); *Hudson v. Gaines*, No. 20 C 5663, 2022 U.S. Dist. LEXIS 166696, at *7-9 (N.D. Ill. Sep. 15, 2022) (dismissing a false arrest case because the plaintiff failed to allege the lack of probable cause in his complaint and the attached police reports, effectively pleading himself out of court).

The SAC and attached documents overwhelmingly establish the existence of probable cause. On the day in question, the Officer Defendants were dispatched to

Plaintiff's residence after SPD received multiple calls that Plaintiff was armed and had fired a handgun into the air. Officer Lynn's report then states – and Plaintiff does not allege to the contrary – that Plaintiff's girlfriend, as well as two different neighbors, all confirmed Plaintiff was armed and had fired his handgun into the air in his front yard. It is clear Officer Lynn reasonably believed the three eyewitnesses to be telling the truth, thereby providing him with sufficient probable cause to arrest Plaintiff. *Williamson v. Curran*, 714 F.3d 432, 441 (7th Cir. 2013). Accordingly, the Court finds Plaintiff's allegations do not demonstrate the absence of probable cause, thereby failing to establish a claim for unlawful arrest in violation of his Fourth Amendment rights. As such, Count I is dismissed with prejudice.

Plaintiff also asserts a state law malicious prosecution claim in Count IV. However, Plaintiff does not outline the details of his theory other than stating the Officer Defendants "withheld evidence of a car accident pertinent to my arrest." (Doc. 94 at 8). The Court understands this claim to stem from his arrest on July 23, 2016.

To state a malicious prosecution claim under Illinois law, a plaintiff must allege "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding in favor of the plaintiff; (3) the absence of probable cause for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009) (quoting *Swick v. Liautaud*, 169 Ill. 2d 504, 512 (1996). The absence of any one of these elements bars a plaintiff from pursuing the claim. *Id*. Probable cause for each offense charged is a complete defense to malicious prosecution. *Martinez v. City of Chicago*, 900

F.3d 838, 849 (7th Cir. 2018); *Beaman v. Freesmeyer*, 2021 IL 125617, ¶ 116 ("Lack of probable cause for instituting the original proceedings is an indispensable element of an action for malicious prosecution.").

Plaintiff cannot show an absence of probable cause, thus barring his malicious prosecution claim. As discussed with his claim for unlawful arrest, the Officer Defendants had probable cause to arrest Plaintiff. Officer Lynn received information from three eyewitnesses that Plaintiff was in possession of a firearm that he had shot into the air in his front yard. Officer Lynn reasonably believed the eyewitnesses to be telling the truth and arrested and detained Plaintiff with probable cause. Accordingly, the Court's finding of probable cause in Officer Lynn arresting Plaintiff results in the dismissal of Plaintiff's claim for malicious prosecution with prejudice. *Martinez*, 900 F.3d at 849.

2. **Consent to Search and Seizure**

In Count II, Plaintiff alleges Officer Lynn coerced him into signing a Consent to Search form, in violation of his right to be free from unreasonable search and seizure as guaranteed under the Fourth and Fifth Amendments. Count III is virtually identical to Count II, with the exception that Plaintiff alleges the Officer Defendants broke into his house to conduct a protective sweep. In moving for dismissal of these Counts, Officer Lynn contends that signing a Consent to Search form does not deprive Plaintiff of his constitutional rights, nor does Plaintiff allege sufficient facts showing he was coerced or threatened into consenting to a search.

As stated above, the Fourth Amendment protects a person's right to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures.

U.S. Const. amend. IV. "Warrantless searches are presumptively unreasonable under the Fourth Amendment, but are permissible when the defendant voluntarily consents to the search." *United States v. Strache*, 202 F.3d 980, 984 (7th Cir. 2000) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S. Ct. 2041, 36 L. Ed. 2d 854 (1973)). Additionally, the Fifth Amendment protects individuals from self-incrimination. U.S. Const. amend. V. A suspect may validly waive his Fifth Amendment privilege against self-incrimination. *Miranda v. Arizona*, 384 U.S. 436, 444 (1966); *United States v. Outland*, 993 F.3d 1017, 1021 (7th Cir. 2021).

Plaintiff alleges Officer Lynn coerced and threatened him into signing a Consent to Search form. However, Plaintiff fails to provide any facts regarding what threats or promises Officer Lynn made to him prior to signing the consent to search form. While Plaintiff need not give detailed factual allegations, he must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Plaintiff's blanket assertion that Officer Lynn threatened him into consenting to a search are insufficient to state a Fourth Amendment violation. Moreover, signing a Consent to Search is not a self-incriminating statement and, therefore, a request to search does not amount to an interrogation giving rise to Fifth Amendment protections. *Maimonis v. Urbanski*, No. 04 C 1557, 2004 U.S. Dist. LEXIS 12900, at *11 (N.D. Ill. July 8, 2004) (citing *U.S. v. Smith*, 3 F.3d 1088, 1098 (7th Cir. 1993)). Plaintiff does not identify any statement made to Officer Lynn which violated his Fifth Amendment rights. As such, Plaintiff's lack of identifying any self-incriminating statement warrants dismissal of his Fifth Amendment claim.

Even if Plaintiff had alleged sufficient facts to support an unreasonable search or seizure in Counts II and III, the Court finds the Consent to Search form to be valid and not in violation of Plaintiff's Fourth Amendment rights. The Fourth Amendment dictates that "[i]n the absence of a warrant, a search is reasonable only if it falls within a specific exception to the warrant requirement." *Riley v. California*, 573 U.S. 373, 382 (2014). "One such exception is voluntary consent to search." *United States v. Thurman*, 889 F.3d 356, 365-66 (7th Cir. 2018). "The Fourth Amendment requires that 'consent not be coerced, by explicit or implicit means, by implied threat or covert force,'" and its voluntariness "is a question of fact informed by the totality of circumstances." *Id*. at 367 (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 228 (1973)). The Seventh Circuit has enumerated several criteria to guide the analysis, including:

> (1) the age, education, and intelligence of the defendant; (2) whether he was advised of his constitutional rights; (3) how long he was detained before consenting; (4) whether he consented immediately or was prompted by repeated requests; (5) whether physical coercion was used; and (6) whether he was in custody when he consented.

*United States v. Thurman*, 889 F.3d 356, 367 (7th Cir. 2018). Voluntariness does not depend on the presence or absence of a single factor, however; the determination requires "careful scrutiny of all the surrounding circumstances." *United States v. LaGrone*, 43 F.3d 332, 334 (7th Cir. 1994). Where a plaintiff claims that the government coerced consent, the government bears the burden of showing otherwise by a preponderance of the evidence. *Thurman*, 889 F.3d at 367.

When viewed as a whole, the pleadings do not support a finding that Plaintiff's consent was coerced. The Court does not have a full record of Plaintiff's education and

intelligence, but the police reports indicate Plaintiff to be an adult who was fully capable of understanding what was going on when asked to sign the Consent to Search form. Plaintiff was advised of his *Miranda* rights prior to signing the Consent to Search form. Plaintiff was not under arrest when he consented, but he had been handcuffed. There are no allegations that coercion or threats were used, nor is there any indication Plaintiff was asked repeatedly to consent to the search. Based on the totality of the circumstances, and Plaintiff's factual allegations, the Court finds Plaintiff's consent to the search was not coerced. Accordingly, Counts II and III are dismissed without prejudice.

### 3. Excessive Force

In Count V, Plaintiff appears to allege claims of assault against the Officer Defendants, asserting liability under § 1983. As there is no right of action under § 1983 for simple torts such as assault and battery, such allegations may be interpreted as allegations that the Officer Defendants used excessive force in arresting Plaintiff. *Lanigan v. Village of East Hazel Crest*, 110 F.3d 467, 471 (7th Cir. 1997). As it relates to this charge, the Court interprets Plaintiff's assault claim as one of excessive force.

Police officers enjoy qualified immunity from suit as long as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The question of whether a public official is entitled to qualified immunity is an objective one. *Lanigan*, 110 F.3d at 472. The plaintiff bears the burden of showing that a government official's use of force violated a clearly established constitutional right. *Id.* at 476. This may be achieved either "(1) by showing a clearly analogous case that established a right to be free from the

type of force" used against the plaintiff or (2) by showing that the force used was "so plainly excessive that, as an objective matter, [the official] would have been on notice that he was violating the Fourth Amendment." *Id.* Under this standard, a plaintiff must allege that officers acted unreasonably in light of the facts and circumstances of the situation they faced, without regard to their underlying motives or subjective intent toward the suspect. *Graham v. Connor*, 490 U.S. 386, 397 (1989). This analysis rests on the assumption that "the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." *Id.* at 396.

In this case, Plaintiff has not met the pleading requirements of either of these alternatives. At the pleadings stage, a claim of excessive force must allege "'some force,' some *'physically abusive governmental conduct,'* some 'physical force,' applied to a suspect." *McNair v. Coffey*, 279 F.3d 463, 467 (7th Cir. 2002) (emphasis added). The SAC fails in this regard as it does not set forth any facts sufficient to support the notion that the Officer Defendants used abusive or unreasonable force when they arrested Plaintiff. Indeed, Plaintiff's factual background section devotes a single sentence to his excessive force claim: that the Officer Defendants brandished " heavy artillery being pointed right at me being [*sic*] forced to the ground" (Doc. 94 at ¶ 13). Merely alleging the Officer Defendants used excessive force does not suffice to state a plausible claim absent any additional facts as to *how* the force used constituted excessive force or was otherwise unreasonable. *See Lanigan*, 110 F.3d at 476.

Moreover, Plaintiff does not dispute that the Officer Defendants were dispatched to the residence because of several eyewitness reports of Plaintiff shooting a firearm in

the front yard of his residence. It is well established that "while police are not entitled to point their guns at citizens when there is no hint of danger, they are allowed to do so when there *is* reason to fear danger." *Baird v. Renbarger*, 576 F.3d 340, 346 (7th Cir. 2009) (emphasis in original); *see also Wilkins v. May*, 872 F.2d 190, 194 (7th Cir. 1989) ("[T]he action of a police officer in pointing a gun at a person is not, in and of itself, actionable . . . Where the officer merely points a gun at a suspect in the course of arresting him, the suspect would have no basis for claiming that he had been seized with excessive force in violation of the Constitution").

In sum, Plaintiff's allegation of excessive force does not present a plausible claim for relief above a speculative level. *Twombly*, 550 U.S. at 555. Accordingly, Count V is dismissed without prejudice.

### 4.  Equal Protection

In Count VI, Plaintiff appears to allege an equal protection claim against Officer Lynn, presumably under 42 U.S.C. § 1983 and the Illinois Constitution. Plaintiff also alleges Officer Lynn violated one of the City of Springfield's ordinances. To state an equal protection claim, a §1983 plaintiff must allege that a state actor purposefully discriminated against him because of his identification with a particular (presumably historically disadvantaged) group. *Sherwin Manor Nursing Center, Inc. v. McAuliffe*, 37 F.3d 1216, 1220 (7th Cir. 1994). Plaintiffs may bring a "class of one" equal protection claim without regard to protected-class status. *Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). The plaintiff must allege that he "has been intentionally treated differently from

others similarly situated and . . . there is no rational basis for the difference in treatment."
*Id*.

In this case, Plaintiff has not alleged any facts sufficient to support his conclusory allegation that "Plaintiff's right to equal protection was violated by Officer Lynn." (Doc. 94 at 10). The sole basis for this assertion is that Officer Lynn had previous interaction with Plaintiff's girlfriend in an unrelated criminal matter prior to the day Plaintiff was arrested. If Plaintiff is asserting a class-of-one equal protection claim, he does not describe: (1) how Officer Lynn treated other individuals similarly situated to Plaintiff; (2) how Officer Lynn treated Plaintiff; or (3) how the treatment was different. *See Vill. of Willowbrook*, 528 U.S. at 564. Merely stating Officer Lynn violated his right to equal protection is insufficient for the Court to allow Plaintiff to proceed with an equal protection claim. Count VI is dismissed without prejudice.

Additionally, to the extent Plaintiff asserts a claim against Officer Lynn for violating Springfield City Code Section 76.40(a)(1), that claim is also dismissed. Illinois has drawn a distinction between ordinances which are designed for the benefit of the public at large and those designed for the benefit of individual members of the public. *Bergquist v. United States*, 849 F. Supp. 1221, 1232 (N.D. Ill. 1994) (citing *Hannon v Counihan*, 54 Ill. App. 3d 509 (2nd Dist. 1977)). The violation of ordinances designed for the benefit of the public at large does not support a private cause of action for damages against the government in the state of Illinois. *Id.*; *see also Arizzi v. Chicago*, 201 Ill. App. 3d 368 (1st Dist. 1990) (Ordinances designed to protect public at large pose no corresponding duty at common law to protect individual members of the public). Springfield City Code

Section 76.40(a)(1), which allows for the towing of vehicles in emergency circumstances, was clearly created for the benefit of the public at large. Thus, absent a showing of some special duty owed to Plaintiff beyond what is owed to the general public, Plaintiff cannot survive a motion to dismiss simply by alleging the Officer Defendants violated this City ordinance. To the extent that Count VI asserts a claim under Springfield City Code Section 76.40(a)(1), that claim is dismissed with prejudice.

## V.  CONCLUSION

Accordingly, the Officer Defendants' Motion to Dismiss (Doc. 116) is GRANTED. Counts I and IV are DISMISSED WITH PREJUDICE. Counts II, III, V, and VI are DISMISSED WITHOUT PREJUDICE. Plaintiff may file an amended complaint within 21 days of this Order with respect to Counts II, III, V, and VI.

ENTER: April 30, 2024

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE