**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION**

| | | |
|---|---|---|
| **BRENNAN MARCURE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 18-cv-3137** |
| | ) | |
| **TYLER LYNN, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**OPINION**

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is Defendants'[1] Motion to Dismiss Plaintiff's Third Amended Complaint. (Doc. 126).

## I.   PROCEDURAL BACKGROUND[2]

On April 30, 2024, this Court granted Defendants' Motion to Dismiss Marcure's Second Amended Complaint and allowed Marcure to file an amended complaint within 21 days of the entry of its order. (Doc. 124 at 16). On May 7, 2024, Marcure filed his Third *Pro Se* Amended Complaint against the Officer Defendants. (Doc. 125). He alleges violations of his Fourth and Fourteenth amendment rights pursuant to 42 U.S.C. § 1983 ("Section 1983"). (*Id.* at 2). In Count I, he alleges that he was subject to an involuntary search. (*Id.*). In Count II, he argues that his consent to search was involuntary. (*Id.*). In

---

[1] The Defendants are Officers Tyler Lynn, Jacob Svoboda, Evan Delude, and Jeff Paoletti (collectively, "Officer Defendants").

[2] A more extensive procedural background is contained in this Court's Order on Defendants' Motion to Dismiss Marcure's Second Amended Complaint. (*See* Doc 124).

Count III, he alleges that his Fourteenth Amendment equal protection rights were violated. (*Id.*). On May 29, 2024, Officer Defendants filed their Motion to Dismiss. (Doc. 126). On June 6, 2024, Marcure filed his response. (Doc. 128).

## II.   FACTUAL BACKGROUND[3]

On July 23, 2016, the Officer Defendants responded to 911 calls reporting that Marcure was committing a battery and discharging a firearm. (Doc. 125 at ¶4). After arriving at the residence, the Officer Defendants placed Marcure in handcuffs. (*Id.*). Officer Lynn obtained from Marcure consent to search his home and located a firearm. (*Id.*). Marcure alleges that Officer Lynn only obtained his consent to perform the search by promising him that no charges would be filed against him. (*Id.* at ¶7). Marcure was subsequently arrested. (*Id.* at ¶4).

## III.  DISCUSSION

### A.  Legal Standard

A motion under Rule 12(b)(6) challenges the sufficiency of the complaint. *See Christensen v. Cnty. of Boone, Ill.*, 483 F.3d 454, 458 (7th Cir. 2007). When considering a motion to dismiss under Rule 12(b)(6), the court construes the complaint in the light most favorable to the plaintiff, accepting all well-pleaded allegations as true, and construing all reasonable inferences in plaintiff's favor. *Christensen*, 483 F.3d at 458. To state a claim for relief, a plaintiff need only provide a short and plain statement of the claim showing

---

[3] The Third Amended Complaint supersedes the prior complaint and renders those allegations void. *See Flannery v. Recording Industry Ass'n of America*, 354 F.3d 632, 638 n.1 (7th Cir. 2004); *Fuhrer v. Fuhrer*, 292 F.2d 140, 144 (7th Cir. 1961) (indicating that, upon the filing of an amended pleading, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading and becomes functus officio"). Therefore, the factual background in this case is only drawn from the Third Amended Complaint.

he is entitled to relief and giving defendants fair notice of the claims. *Maddox v. Love*, 655 F.3d 709, 718 (7th Cir. 2011). However, the complaint must set forth facts that plausibly demonstrate a claim for relief. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007). A plausible claim is one that alleges factual content from which the court can reasonably infer that defendants are liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* pleadings are held to less stringent standards than those prepared by counsel, so the allegations must be liberally construed. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir. 2001). However, even a *pro se* complaint must contain sufficient factual allegations to allege a deprivation of a constitutional or civil right. *See Palda v. General Dynamics Corp.*, 47 F.3d 872, 875 (7th Cir. 1995).

### B. Analysis

The Officer Defendants argue that Third Amended Complaint should be dismissed because: (1) a search pursuant to consent does not require a warrant; (2) there are no facts to suggest Marcure's consent to search was involuntary; and (3) Count III is not supported by any factual allegations. In response, Marcure argues he only consented to the search after Officer Lynn promised to let him go without the filing of charges against him. He also argues that his Fourteenth Amendment rights were violated when Officer Lynn withheld the fact that he searched the premises. Attached to his response was a police report written by Officer Dowis. Marcure also filed his own handwritten statement that Officer Lynn procured a false statement. (Doc. 129).

### 1. Counts I and II

Counts I and II are both predicated on an alleged violation of Marcure's Fourth Amendment rights, stemming from a search of his home. Section 1983 holds government defendants liable where defendants "subject[ ] or cause[ ] to be subjected, any citizen ... or other person ... to the deprivation of any rights" guaranteed by federal law. 42 U.S.C. § 1983. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. amend. IV. "Warrantless searches are presumptively unreasonable under the Fourth Amendment but are permissible when the defendant voluntarily consents to the search." *United States v. Strache*, 202 F.3d 980, 984 (7th Cir. 2000), *citing Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973).

 "[W]here the validity of a search rests on consent," the necessary consent must be "freely and voluntarily given, a burden that is not satisfied by showing a mere submission to a claim of lawful authority." *Florida v. Royer*, 460 U.S. 491, 497 (1983). To demonstrate that his consent was involuntary, a plaintiff must show it was given under duress or coercion. *Valance v. Wisel*, 110 F.3d 1269, 1279 (7th Cir. 1997). The Seventh Circuit balances several factors when determining whether consent was voluntary, including:

> (1) the age, education, and intelligence of the defendant; (2) whether he was advised of his constitutional rights; (3) how long he was detained before consenting; (4) whether he consented immediately or was prompted by repeated requests; (5) whether physical coercion was used; and (6) whether he was in custody when he consented. *United States v. Thurman*, 889 F.3d 356, 367 (7th Cir. 2018). Voluntariness does not depend on the presence or

absence of a single factor, however; the determination requires "careful scrutiny of all the surrounding circumstances.

*United States v. LaGrone*, 43 F.3d 332, 334 (7th Cir. 1994). If the defendants produce some evidence of consent, the plaintiff bears the ultimate burden of persuasion on the issue of the claimed absence of consent. *Valance*, 110 F.3d at 1278-79.

Marcure alleges Officer Lynn coerced and threatened him into consenting to a search by telling him that no charges would be filed against him if he consented. While Marcure need not give detailed factual allegations, he must provide more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555. Marcure's blanket assertion that Officer Lynn threatened him into consenting to a search is insufficient to state a Fourth Amendment violation.

Moreover, even when accepting all well-pleaded allegations as true and construing all reasonable inferences in Plaintiff's favor, the Third Amended Complaint does not sufficiently allege Plaintiff's consent was coerced. As noted in this Court's prior opinion, Marcure was advised of his *Miranda* rights prior to signing the Consent to Search form. This Court also considered that Marcure is an adult who was fully capable of understanding what was going on when he consented to the search. He was not under arrest when he consented. Marcure has not amended his complaint to address those factors or explain any other coercive conditions. Based on the totality of the circumstances, and Marcure's factual allegations, the Court finds Marcure's consent to the search was not coerced. Accordingly, Counts I and II are dismissed with prejudice, as Marcure had multiple opportunities to amend his complaint. *See Agnew v. NCAA*, 683

F.3d 328, 347 (7th Cir. 2012) (affirming dismissal with prejudice where a party has had multiple opportunities to amend but failed to cure a defective claim).

## 2. Count III

Marcure's Fourteenth Amendment claim appears to be based on Officer Lynn's alleged withholding of information and the remaining officers' alleged failure to protect his constitutional rights. The withheld information refers to Officer Lynn's search of the residence. (Doc. 128 at 1). Based on these allegations, it appears Marcure is attempting to rely upon the alleged withholding of evidence to support his equal protection claim. However, those claims are more appropriately brought as violations of the due process clause. *See Fields v. Wharrie*, 740 F.3d 1107, 1114 (7th Cir. 2014).

"[F]abricating, withholding, and suppressing material exculpatory and impeaching evidence is unconstitutional." *Whitlock v. Brueggemann*, 682 F.3d 567, 575 (7th Cir. 2012). A conviction premised on fabricated or withheld evidence will be set aside if the evidence was material—that is, if there is a reasonable likelihood the evidence affected the judgment of the jury. *Patrick v. City of Chicago*, 974 F.3d 824, 834-35 (7th Cir. 2020). The Seventh Circuit has not allowed an acquitted plaintiff who was held in pretrial detention before his acquittal to bring a due process claim based on fabricated or withheld evidence. *See Fox v. Hayes*, 600 F.3d 819 (7th Cir. 2010); *Brooks v. City of Chicago*, 564 F.3d 830 (7th Cir. 2009). Without a conviction, the claim "is, in essence, one for malicious prosecution, rather than a due process violation." *Brooks*, 564 F.3d at 833, *citing McCann v. Mangialardi*, 337 F.3d 782, 786 (7th Cir. 2003).

In this case, Marcure was not convicted of any crimes in his state case. (Doc. 115). As a result, Marcure's due process claim based upon the withholding of evidence is not actionable because the claim is essentially a state law claim for malicious prosecution.

Even if this Court does consider this as an equal protection claim, Marcure's complaint is insufficient to state such a claim. An equal protection cause of action accrues whenever a state "den[ies] to any person within its jurisdiction the equal protection of the laws." U.S. Const. amend. XIV, § 1.

Marcure does not allege he was treated differently based on a suspect classification or for exercising a fundamental right. Therefore, the Court treats his claim as a "class-of-one" equal protection claim. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). "The core idea behind a class-of-one claim is that the equal-protection guarantee 'protect[s] individuals against purely arbitrary government classifications, even when a classification consists of singling out just one person for different treatment for arbitrary and irrational purposes.'" *Paramount Media Grp., Inc. v. Vill. of Bellwood*, 929 F.3d 914, 920 (7th Cir. 2019), *quoting Geinosky v. City of Chicago*, 675 F.3d 743, 747 (7th Cir. 2012). To succeed on such a claim, a plaintiff must allege that he "has been intentionally treated differently from others similarly situated and… there is no rational basis for the difference in treatment." *Vill. of Willowbrook*, 528 U.S. at 564.

Here, Marcure has not described how the Officer Defendants' treatment of him differed from their treatment of other similarly situated individuals. *See Vill. of Willowbrook*, 528 U.S. at 564. Merely stating that the Officer Defendants violated his right

3:18-cv-03137-CRL-EIL  # 132  Filed: 10/11/24  Page 8 of 9

to equal protection is insufficient to allege a deprivation of his Fourteenth Amendment rights. Therefore, the Motion to Dismiss is granted as to this claim.

Marcure's claims against the remaining officers could also be construed as a failure to intervene claim, based on their failure to prevent the search of his home. To succeed on a failure to intervene claim, plaintiff must demonstrate that the defendants: (1) knew that a constitutional violation was committed, and (2) had a reasonable opportunity to prevent it. *Gill v. Milwaukee*, 850 F.3d 335, 342 (7th Cir. 2017). Because the underlying Fourth Amendment claims have been dismissed, the failure to intervene claim must also be dismissed. *See id.*

Finally, in the exhibit attached to his Response, Marcure also appears to allege that the Officer Defendants destroyed evidence. (Doc. 129). However, even a liberal reading of a *pro se* complaint does not allow for new claims and theories to be raised in a response to a motion to dismiss. *Harrell v. United States*, 13 F.3d 232, 236 (7th Cir. 1993); *see also Smith v. Dart*, 803 F.3d 304, 311 (7th Cir. 2015) (considering only the factual allegations contained in a *pro se* litigant's response to a motion to dismiss to the extent that they are consistent with the original claims and declining to consider new claims). Because this new allegation is not related to the allegations contained in his Complaint, this Court will not address it.

Therefore, Marcure's Fourteenth Amendment claim is also dismissed with prejudice, as Marcure had multiple opportunities to amend his complaint. *See Agnew*, 683 F.3d at 347.

Page 8 of 9

## IV.    CONCLUSION

For all of these reasons, Defendant's Motion to Dismiss is GRANTED. Counts I, II, and III are dismissed with prejudice. All scheduled hearings are vacated. The Clerk is directed to terminate the case.

ENTER: October 11, 2024

___/s/ Colleen R. Lawless___

COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE
